**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DELIC BENITEZ, | § | |
| MABELLE BENITEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2989 |
| | § | |
| LIBERTY MUTUAL FIRE | § | |
| INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION DENYING MOTION TO REMAND**

This is an insurance dispute arising from damage to the plaintiffs' home in a wind and hail storm. The plaintiffs, Delic Benitez and Mabelle Benitez, assert that the claim they submitted under their homeowner's policy to Liberty Mutual Fire Insurance Company was denied without written explanation. The plaintiffs sued in state court, asserting claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act, including a right to recover treble damages, an 18% penalty, punitive damages, and attorney's fees, costs, and interest. In the amended petition, filed and served before removal, the plaintiffs alleged that the damages they sought did not exceed $75,000. They did not state the damages amount.

The defendant removed. The plaintiffs seek remand on the ground that this court lacks subject-matter jurisdiction. Diversity of citizenship is undisputed. The sole issue is the jurisdictional amount. Based on the pleadings, the motion and response, the parties' submissions, and the applicable law, this court finds that the jurisdictional amount is met and that this court has

federal subject-matter jurisdiction. The motion to remand is denied, for the reasons set out in detail below.   **I.     Background**

The plaintiffs submitted an affidavit from their lawyer with the motion to remand. The affidavit states that the damage estimate the plaintiffs obtained in June 2012 showed economic damage to the property in the amount of $19,737.89. In the affidavit, the plaintiffs stipulated that this was the full estimate of economic damage to their property. The affidavit acknowledged that the plaintiffs would seek to treble that amount and apply the 18% per annum statutory penalty, which they asserted would be for only one month and total $296.07. The affidavit estimated that attorney's fees "should not exceed" $15,000, although that was subject to variables, including the "manner in which Defense counsel litigates the case." (Docket Entry No. 13, Ex. 2). The total of these figures is $74,509.74; the affidavit asserted that the anticipated damages "will not" exceed $75,000.00. (*Id.*) There was no stipulation that the plaintiffs would take no more than $75,000.00.

In response, Liberty argued that this affidavit, filed postremoval, does not defeat jurisdiction. Liberty also argued that even if it was considered, a correct calculation would exceed the required minimum because the 18% per annum interest would be calculated from the date the plaintiffs' claim was denied — August 20, 2010 — and amount to more than $7,000, not the $296.07 the plaintiffs asserted. Liberty argued that the preremoval evidence of the claim documents the plaintiffs submitted further supported that they were pursuing a recovery above $75,000. (Docket Entry No. 15).

The plaintiffs filed a reply, pointing out that they could recover either treble damages or punitive damages, but not both. The plaintiffs also disputed that the 18% penalty began to run on the date the defendant denied the claim. Instead, they argue that because the relevant statute states

2

that the penalty begins to accrue 60 days after the insurer received all the information needed to determine the claim, and because the plaintiffs did not provide all the paperwork to the defendant until approximately three months before the motion to remand was filed, there was only one month of the 18% penalty. In short, the plaintiffs dispute that Liberty has met its burden of establishing the jurisdictional amount. (Docket Entry No. 17).

The arguments in favor of remand and the responses are analyzed below.

## II.    The Legal Standards

### A.    Removal and Remand

A defendant generally may remove a state-court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). To assess whether jurisdiction is appropriate, the court considers the claims in the state-court petition as they existed at the time of removal. Ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the court must remand the case to state court if at any time before final judgment it appears that the court lacks subject-matter jurisdiction, jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B.    Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's

complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If, as in the present case, a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.* When, as here, the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the "facially apparent" test is not met, it is appropriate for the court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "'[l]itigants who want to prevent removal must file a binding stipulation or

affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *Id.* (alteration in original) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id.* at 1412 n.10. Because Texas plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept $75,000 for preremoval state-court pleadings and stipulations to bind him. *See id.* at 1412–13. The plaintiffs here did not file a stipulation with their state-court petitions.

Postremoval affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the court may consider a postremoval stipulation, but only to determine the amount in controversy as of the date of removal. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrograted on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). When, on the other hand, the amount in controversy is clear from the face of the complaint, postremoval stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the court of jurisdiction. *Gebbia*, 233 F.3d at 883.

**III.   Analysis**

The plaintiffs' amended state-court petition does not allege a total amount of damages sought. In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou–Con Inc*., 293 F.3d 908, 911 (5th Cir. 2002). The plaintiffs assert that the total economic loss is $19,737.89. The defendants assert

that during the claims process, the plaintiffs submitted an estimate for repairs in excess of $22,000.00. The plaintiffs, however, are bound by their stipulation that the full estimate for economic loss is $19,737.89. *See, e.g.*, *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 330 (5th Cir. 2012) ("Factual stipulations are binding on parties . . . ."); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." (quoting *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986)); *Fisher v. First Stamford Bank & Trust Co.*, 751 F.2d 519, 523 (2d Cir. 1984) (noting that "a stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it" and enforcing a stipulation concerning the issue of damages)).

The plaintiffs also seek attorney's fees and a penalty. These sums are to be considered in determining the amount in controversy. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs."). The plaintiffs assume that they would recover up to $59,213.67 ($19,737.89 trebled). The 18% statutory interest penalty, even at the low figure the plaintiffs estimate based on an accrual date of one month before this lawsuit commenced, is now more than $1,000.00. Before fees, assuming for the moment that the plaintiffs' penalty figure applies, the total is approximately $60,000.00.

The plaintiffs' counsel asserts that fees should not exceed $15,000.00. The defendants do not challenge that estimate and do not provide any evidence to demonstrate the amount of attorney's

fees that would be recoverable. The court therefore has no basis to find that this additional claim requires a finding that the amount in controversy has been met.

Whether removal is proper thus depends on the 18 % interest penalty. Although the amount of the penalty continues to increase, whether the jurisdictional amount is satisfied in this case depends first on the date the penalty began to accrue. The defendant argues that, as of the date it filed suit, the penalty had been accruing since the claim was denied in August 2010. If the 18% penalty accrued in August 2010, then the defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the statutory requirements. *De Aquilar*, 11 F.3d at 58. The plaintiffs will not have proven to a legal certainty that their claim is actually for an amount less than $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869–70 (5th Cir. 2002). The plaintiffs argue that the penalty began accruing only after the insurer received all the information the plaintiffs believe was needed to properly determine the claim. According to the plaintiffs, that did not occur until some time in July 2012, after this lawsuit was filed. If the plaintiffs are correct, then the approximately one month of penalty interest added to the other sums at issue would not satisfy the jurisdictional amount.

The Texas Insurance Code requires an insurer to notify a claimant in writing of the acceptance or rejection of the claim not later than the fifteenth business day after "the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss." TEX. INS. CODE ANN. § 542.056(a) (West 2009). "[I]f an insurer, after receiving all items, statements, and forms reasonably requested and required . . . delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by

Section 542.060." *Id.*, § 542.058.  Section 542.060 permits, "in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees."  "A wrongful rejection of a claim may be considered a delay in payment for purposes of the 60–day rule and statutory damages.  More specifically, if an insurer fails to pay a claim, it runs the risk of incurring this 18 % statutory fee and reasonable attorneys' fees." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997).  This is a risk an insurer runs when it rejects a claim.  *See id.*; *see also Oram v. State Farm Lloyds*, 977 S.W.2d 163, 167 (Tex. App.—Austin 1998, no pet.) ("[B]ecause the record here conclusively establishes that State Farm chose to reject the Orams' claim and failed to pay within 60 days of its receipt of all reasonably requested and necessary paperwork, the Orams are entitled to recover the 18% statutory fee and reasonable attorney's fees.").  *See generally Watson v. Provident Life & Acc. Ins. Co.*, 2009 WL 1437823, at *5 (N.D. Tex. 2009 May 22, 2009) ("The Texas Supreme Court has held that the penalty applies from the date a claim should have been paid until the date of judgment." (citing *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427–28 (Tex. 2004)).

The plaintiffs argue that the interest penalty began to accrue not on the date of denial, but on a much later date, after they had sent the defendant additional information about their claim.  This argument does not find support in the relevant law.  The plaintiffs filed suit and alleged that the August 2010 rejection of their claim was wrongful.  (*See* Docket Entry No. 13, ¶ 1 ("Plaintiffs' claim was completely denied by Liberty Mutual Fire Insurance Company without any written explanation, though Plaintiffs made repeated requests to Defendant for further review of Plaintiffs' claim.")).  The plaintiffs' own pleading would support applying the 18% penalty from the date the claim was denied.  The "wrongful rejection of a claim may be considered a delay in payment for

purposes of the 60–day rule and statutory damages." *Higginbotham*, 103 F.3d at 461; *see also Sentry Ins. Co. v. Greenleaf Software, Inc.*, 91 F. Supp. 2d 920, 925 (N.D. Tex. 2000) ("The 18% penalty begins to accrue the earlier of the date of the accrual or the date this suit was filed."), *vacated on other grounds*, 2000 WL 33254495 (N.D. Tex. Apr. 18).

When added to the other sums at issue in this case, the penalty accrued from the date of the rejection satisfies the jurisdictional threshold. Accordingly, the defendants have proven by a preponderance of the evidence that the amount in controversy meets the statutory requirement, *see De Aquilar*, 11 F.3d at 58, and the plaintiffs cannot prove to a legal certainty that their claim is actually for an amount less than $75,000, *see Grant*, 309 F.3d at 869–70. The motion to remand must be denied.

**IV.   Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand is denied.

SIGNED on December 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge